**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ISAAC FULLER, :
:
    Movant, :
: CRIMINAL ACTION NO.
v. : 1:06-CR-0137-06-RWS
:
UNITED STATES OF AMERICA, :
:
    Respondent. :

## **ORDER**

This case is before the Court for consideration of Defendant Isaac Fuller's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 476), Defendant Isaac Fuller's *pro se* Motion to Expand the Record (Doc. 502), Defendant Isaac Fuller's Motion for Appointment of Counsel (Doc. 504) and Defendant's Motion for a Judicial Recommendation to Receive a Legal Furlough (Doc. 513) . After reviewing the record, the Court enters the following Order. As an initial matter, Defendant's Motion to Expand the Record (Doc. 502) is **GRANTED**. The Court will consider Defendant's Reply Brief (Doc. 505) and the Exhibits thereto (Doc. 506). Further, Defendant's

Motion for a Judicial Recommendation to Receive a Legal Furlough (Doc. 513) is **DENIED**.

Movant also seek appointment of counsel. Movant's previously appointed counsel withdrew to accept appointment as a Magistrate Judge of Fulton County, Georgia. At the time of her withdrawal, Movant requested that he be permitted to proceed pro se, and that request was granted. (Doc. 501) The issues before the Court have been fully briefed, and Movant has adequately represented himself since the withdrawal of his counsel. Under these circumstances, the Court finds that appointment of counsel is not warranted, and Movant's Motion (Doc. 504) is **DENIED**.

On June 8, 2006, Movant pleaded guilty, pursuant to a negotiated plea agreement, to conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846. (Docs. 1, 101). On February 12, 2007, the Court sentenced Movant to 170 months of imprisonment. (Doc. 228). On April 24, 2008, the Court granted the Government's Federal Rule of Criminal Procedure 35 motion for a downward departure based on Movant's substantial assistance and entered an amended judgment sentencing Movant to 126 months of imprisonment. (Doc. 370). Movant did not file a direct appeal.

2

On June 15, 2010, Movant, proceeding *pro se*, submitted his first motion to correct guideline error, arguing that he is entitled to a sentence reduction because the Court incorrectly calculated his criminal history category by including two state misdemeanor convictions for which he received "totally suspended" sentences. (Doc. 466). Movant relied on United States v. Gonzales, 506 F.3d 940, 945 (9th Cir. 2007), which held that a thirty-day suspended misdemeanor sentence must be excluded from a defendant's criminal history category, and United States v. Erland, 352 F. App'x 363, 364 (11th Cir. 2009), noting that, for purposes of calculating criminal history points, misdemeanors are counted when the sentence is at least thirty days of imprisonment or over one year of probation and that "[t]he suspended portion of a sentence is not counted in determining the length of the term of imprisonment." (See Docs. 465-66). Movant maintains that his due process rights were violated because this error rendered him ineligible for a safety valve reduction and that the appeal waiver provision of his plea agreement does not preclude relief under these circumstances. (Docs. 469, 473). Movant contended that his motion was timely because he discovered the Erland case in May of 2010. (Doc. 469 at 11-

12). Finally, Movant maintained that his attorney was ineffective for failing to preserve this issue for direct appeal. (Doc. 473 at 6-9).

The Court found that the relief sought by Movant would only be available to him pursuant to a 28 U.S.C. § 2255 motion. However, because the Court concluded that such a motion would be untimely, the Court saw no reason to construe the motion as a Section 2255 motion and simply denied the Motion to Correct Guideline Error. Oct.18, 2010 Order [474] at 5-6. Following the denial of his Motion, Movant filed a Motion [476] pursuant to 28 U.S.C. § 2255. That Motion is presently before the Court for consideration. However, as the Court noted in the October 18, 2010 Order, a § 2255 motion by Movant is untimely.

A § 2255 motion is subject to a one-year statute of limitations that runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

4

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). This limitations period is subject to equitable tolling if "extraordinary circumstances beyond [the movant's] control and otherwise unavoidable even with due diligence" have prevented an "otherwise diligent" movant from timely filing his motion. Dodd v. United States, 365 F.3d 1273, 1282 (11th Cir. 2004). Finally, a petitioner's "actual innocence" may lift the time bar that otherwise would prevent consideration of his § 2255 motion. See United States v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2005). To demonstrate actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial," thereby showing "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).

Where, as here, "a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal."

5

Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). Counting from Movant's amended judgment of conviction, the time to file a notice of appeal expired on May 8, 2008. See Fed.R.App.P. 4(b)(1)(A)(I). Accordingly, Movant had until May 8, 2009 to file a § 2255 motion. Movant alleges nothing that entitles him to application of § 2255(f)'s provisions regarding a governmental impediment or newly discovered evidence. See 28 U.S.C. § 2255(f)(2),(4). Movant also has not alleged anything that entitles him to equitable tolling or an actual innocence exception. See Schlup, 513 U.S. at 324, 327; Montano, 398 F.3d at 1284. Rather, Movant relies on his discovery of Ninth Circuit case law and a 2009 Eleventh Circuit unpublished opinion. Movant, however, has not cited a Supreme Court decision recognizing a new right made retroactive to cases on collateral review and, thus, is not entitled to application of § 2255(f)(3). Therefore, Movant's Motion, submitted for filing on June 15, 2010, would be untimely.

Moreover, Movant's Plea Agreement with the Government specifically included a provision wherein he knowingly and voluntarily waived his right to appeal his sentence or collaterally attack it. The terms of the Agreement were as follows:

6

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack his sentence in any post-conviction proceeding, including a § 2255, on any ground, except that the defendant may file a direct appeal of a sentence higher than the otherwise applicable advisory sentencing guideline range. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may file a direct appeal of his sentence.

Plea Agreement [101] at ¶ 8.

During the guilty plea hearing, the Court questioned Movant and his counsel regarding the waiver in the Plea Agreement and established that Movant understood his waiver. Government's Br. [495], Ex. A at 13-14.

Based on the foregoing, Movant's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 476) is hereby **DENIED**.

The Court further finds that Movant is not entitled to a Certificate of Appealability. "A certificate of appealability may issue. . .only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a Section 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should

7

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003) (citations and quotations marks omitted). Based on the foregoing analysis, the Court concludes that the basis for the Court's decision is not reasonably debatable. Therefore, Movant is **DENIED** a Certificate of Appealability.

**SO ORDERED** this  5th  day of February, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)